**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHERYL GOINS,** | Civ. No. 15-2195 (KM) (JBC) |
| **Plaintiff,** | |
| **v.** | **OPINION & ORDER** |
| **NEWARK HOUSING AUTHORITY,** | |
| **Defendant.** | |

**KEVIN MCNULTY, U.S.D.J.:**

Pending before the Court is the motion of plaintiff Cheryl Goins for partial reconsideration (DE 100) of this Court's summary judgment Opinion and Order insofar as they dismissed her CEPA claim. (DE 98, 99). Here—and not for the first time—the Court will attempt to ensure that this client is not punished for the sins of this lawyer. For the reasons explained in this opinion, I will GRANT the motion for reconsideration (DE 100) and reinstate plaintiff's CEPA claim.

## I. Procedural Background

This case has been plagued by lamentable lapses in representation. Where plaintiff's counsel, Ms. Foster, has not simply (and repeatedly) defaulted, she has failed to present the facts with the clarity required by the rules. The following text order, filed January 25, 2019, gives a flavor of the proceedings preceding my prior summary judgment Opinion and Order:

> TEXT ORDER: The extended deadline for filing dispositive motions was June 19, 2018, with no further extensions. (DE 84). Defendant filed a motion for summary judgment (DE 85) on June 19, 2018. The plaintiff received an extension of the time to respond until August 3, 2018, marked "no further extensions." (DE 87). Plaintiff filed no response, and no communication with the Court appears on the docket. On January 3, 2019, the court issued a notice of

1

call for dismissal pursuant to L. Civ. R. 41.1(a), returnable January 17, 2019. The Notice required that good cause by affidavit setting forth efforts to prosecute the action be filed. (DE 88). No such affidavit was filed. On January 15, 2019, the plaintiff filed papers in response to the defendant's summary judgment motion. From a quick review, there appears to be no explanation for the delay or motion to file out of time. (DE 89, 90). On January 22, 2019, the plaintiff filed her own motion for summary judgment. (DE 93). The defendant, by letter, has requested that plaintiff's motion be struck as untimely. The plaintiff responded with a letter referring to the existence of "exceptional circumstances" for the delay, but not describing them, and requesting the court's "guidance" as to whether a formal motion is required. (DE 95). The Court ... does not render advice as to matters of procedure, and its prior orders have been explicit. For the present, the Court will ADMINISTRATIVELY TERMINATE the plaintiff's motion (DE 93) without prejudice to an application for renewal should it be warranted by the Court's disposition of the defendant's summary judgment motion. So Ordered by Judge Kevin McNulty on 1/25/19. (nic, ) (Entered: 01/25/2019)

(DE 96).

The Court's strategy was to see if defendant's motion for summary judgment would narrow the issues before considering any further summary judgment arguments from the plaintiff. Once briefing of defendant's motion for summary judgment was complete, I filed the Opinion (DE 98) and Order (DE 99) granting the motion in part and denying it in part. I denied the motion of defendant Newark Housing Authority ("NHA") for summary judgment with respect to Count 1, Ms. Goins's claim under the Fair Labor Standards Act ("FLSA") of failure to pay overtime wages. All other claims were dismissed, including the remainder of Count 1, FLSA retaliation; Count 2, Conscientious Employee Protection Act ("CEPA"); and Count 5, racial discrimination under the NJLAD and Civil Rights Act, § 1831. (*Id.*).[1] In my Opinion, I noted various

---

[1] During the course of the parties' summary judgment briefing, Ms. Goins expressly withdrew Counts Three (NHA failed to accommodate her disability in violation of NJLAD) and Four (a sex discrimination claim). (*See* DE 89-1 ¶ 28 ("Plaintiff withdrew her claim for failure to accommodate a disability"); DE 89 at 25 ("Plaintiff,

2

deficiencies in the plaintiff's opposition papers, but attempted to deal with the arguments and factual contentions as presented in her brief.[2]

---

having had the benefit of discovery, [now] withdraws her claims of sex discrimination - failure to promote and instead believes her failure to be promoted was a result of retaliation against her for her CEPA protected complaints.")).

[2]     Ms. Goins's opposition was unclear, not least because it failed in several respects to comply with Federal Rule of Civil Procedure 56 and Local Rule 56.1. As noted in my summary judgment Opinion (DE 98), plaintiff's counsel failed to provide copies of several documents that she cited. *See* Fed. R. Civ. P. 56(c)(1) (2010 Advisory Committee Notes) ("Materials that are not yet in the record--including materials referred to in an affidavit or declaration--must be placed in the record."). Exhibit 32, though cited, was not filed. It was said to be an oversized "spreadsheet the plaintiff prepared of her overtime hours at the NHA." (Foster Decl., DE 89-2 ¶ 32). "Audio Exhibits" 1 and 2, also cited, were obviously not on the docket, but copies and transcripts were not provided to chambers, either. Plaintiff's Exhibits 7 through 11 were filed jointly as one document (DE 89-6), but only Exhibit 7 was labeled, leaving the Court to guess at the designation of the rest. (DE 89-6 at 1).

Ms. Goins's responding statement of facts also did not comply with Rule 56.1, in that it neither admitted nor denied certain pertinent facts, but declared them to be "irrelevant." (PRSOF ¶ 8; *see also* PRSOF ¶ 1, 2, 5). Where pertinent facts are alleged, such tactics defeat the function of a Rule 56.1 statement. "The Rule 56.1 statement should only identify the universe of contested facts before the Court; arguments as to the force of those facts belongs in the brief. . . . To the extent a fact is admitted or denied, the Court will accept the submission. Any argument related to the legal relevancy of that fact will be disregarded." *Durkin v. Wabash Nat.*, No. 10-cv-2013, 2013 WL 1314744, at *6 (D.N.J. Mar. 28, 2013).

In Ms. Goins's brief, the argument section often failed to connect alleged facts to the elements of a claim and at times wholly failed to address the relevant elements of each claim. Goins cited purported facts in her briefing that were nowhere to be found in her response to the statement of material facts. Many factual statements in the argument section of the brief lacked any reference to the record. Such citations as counsel did include were often incomplete or vague.

Intelligible citations to the record are required. Sifting through the evidentiary record without adequate guidance "is not this Court's duty." *Tegler v. Glob. Spectrum*, 291 F. Supp. 3d 565, 568 (D.N.J. 2018); *Baker v. The Hartford Life Ins. Co.*, No. 08-CV-6382FLW, 2010 WL 2179150, at *2 (D.N.J. May 28, 2010), *aff'd sub nom. Baker v. Hartford Life Ins. Co.*, 440 F. App'x 66 (3d Cir. 2011) ("It is not the Court's responsibility to comb the record on behalf of Plaintiff's counsel."). Relatedly, issues not discussed in the argument section of a brief need not be considered. *Cf. Travitz v. Ne. Dep't ILGWU Health & Welfare Fund*, 13 F.3d 704, 711 (3d Cir. 1994) ("When an issue is not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal.")(citations omitted); *Kadetsky v. Egg Harbor Twp. Bd. of Educ.*, 82 F. Supp. 2d 327, 334 n.5 (D.N.J. 2000) (finding "casual reference" to a claim results in waiver).

I dismissed the CEPA whistleblower claim because the brief filed by Ms. Foster—although it referred to various forms of conduct that were against "the law" or "proper procedures"—failed to identify the particular law that she alleged was violated:

> To establish a cause of action for retaliation under CEPA, an employee must demonstrate four elements: (1) she had a reasonable belief that her employer's conduct violated a law, regulation, or clear mandate of public policy; (2) she performed a "whistle-blowing" activity under the act; (3) the employer took an adverse employment action against her; and (4) a causal connection exists between the whistle-blowing activity and the adverse employment action. *Dzwonar v. McDevitt*, 828 A.2d 893, 900 (N.J. 2003); *Samowski v. Air Brooke Limousine, Inc.*, 510 F.3d 398, 404 (3d Cir. 2007).
>
> Here, Ms. Goins has failed to specify a single statute, rule, regulation, or source of law expressing a public policy against which the alleged facts can be measured. Rather, she has provided a sketch of at least seven incidents in which she alleges that she informed, or in some cases did not inform, her supervisors at NHA that an activity violated a law. (DE 89 pp. 4–5, 14–15). For example, she says she told Ms. Hamilton it was improper to use an expired contract without a proper bidding procedure. (*See id.* p. 4). For each incident, she broadly claims that *some* law was violated, or believed to be violated, but fails to specify *what* law she is referring to. *See, e.g., id.* (asserting that "there is a legal problem with using a contract that has expired rather than sending it out to be re-bid," that "the law is quite clear that a BRC is needed", or that sending a private bid via e-mail "is not permitted under the local contract law").
>
> Ms. Goins has failed to identify the legal violations she reported, and the court will not speculate as to what they were. Because this is sufficient to require summary judgment in NHA's favor, I do not address NHA's other arguments.

(DE 98 at 31–32). The Court, as it was entitled to do, relied on the arguments as stated in the brief. (DE 89).[3]

---

[3]    In four instances, the brief cited a "Goins decl.", without elaboration. (*See* DE 89 at 14, 15, and 25). I take this to be a reference to the document filed separately as DE 90. With respect to her CEPA claim, Ms. Foster now claims that the Court should have gleaned the legal violations to which she referred from that "Goins decl." The

As matters stood post-summary judgment, the FLSA overtime claim was the only one remaining in the case. The issues having been narrowed, I then excused Ms. Foster's prior procedural defaults and authorized her to file a motion for summary judgment on that surviving FLSA claim. My order specifically admonished her that any such motion would be expected to comply with the local rules:

> It is further ORDERED that within 45 days, Ms. Goins may file a renewed summary judgment motion on the FLSA uncompensated overtime claim. This motion shall conform in all respects to the Federal and Local Rules of Civil Procedure. It will be succinct. It will not contain extraneous factual material, but will focus on those facts germane to the claim that Ms. Goins worked overtime, the amount of hours worked, and the compensation allegedly owed. Each fact will be cited to the specific place in the record where support for it may be found. It will conform to the Opinion filed herewith, and will not rehash matters already decided. It is further ORDERED that NRA may file a response which may, at NHA's option, take the form of a response and cross-motion on the FLSA overtime claim.

(DE 99).

Instead, on April 8, 2019, Ms. Goins filed the motion for reconsideration of dismissal of the CEPA claim that is now before the Court. (DE 100).

On May 14, 2019, Ms. Foster requested a 14-day extension of her deadline to file a renewed motion for summary judgment on the FLSA claim. I granted that extension until May 28, 2019. In what had now become a pattern, she failed to file the motion by the extended deadline that she had requested.

NHA requested guidance. As a result of the Court's order, it had expected to file an opposition and cross-motion in response to Ms. Goins's summary judgment motion. Ms. Goins, however, had neither filed such a motion nor sought additional time to do so. (DE 108). I entered an order authorizing NHA to file its own motion for summary judgment on the FLSA claim. (DE 109).

---

CEPA discussion in Ms. Foster's brief, however, makes a single vague reference to that "Goins decl.," and then only to support the claim that Ms. Goins had to pay for her continuing education. (DE 89 at 25. No paragraph or page is cited.).

Accordingly, on June 27, 2019, NHA filed its motion for partial summary judgment on Ms. Goins's FLSA claim (DE 111), as well as its opposition to Ms. Goins's motion for reconsideration regarding the CEPA claim. (DE 111).[4]

Only thereafter, on July 3, 2019, did Ms. Foster file Goins's long-overdue motion for summary judgment on the FLSA claim. (DE 112). Although it had been due on May 28, 2019, the motion was not accompanied by a motion to file out of time, or even an explanation. Defendant understandably objected. (DE 113). On July 18, 2019, Ms. Goins's counsel filed a motion for an extension of time *nunc pro tunc.* (DE 114).[5] Not wishing to prejudice the client, I again overlooked counsel's lapse and accepted the motion for filing. (DE 117).

I then received a letter from defense counsel complaining, with some justification, that plaintiff's summary judgment motion referred to exhibits without stating their location on the docket. (DE 118). Perceiving that plaintiff's counsel seemed to be overburdened, and not wishing to put her to the trouble of re-filing exhibits already in the record, I permitted her to take advantage of a convenient alternative procedure:

---

4    As noted, Ms. Foster failed to timely file Ms. Goins's renewed motion for summary judgment on the FLSA claim. It is not surprising then, that NHA's summary judgment arguments in support of dismissing plaintiff's FLSA claim are nearly identical to those in its prior briefing. (*See, e.g.*, DE 85-2 at 11–12; DE 97 at 6–8). Notably, NHA's moving brief fails to address the amount of overtime hours worked by Ms. Goins and the compensation allegedly owed to her. (*See* DE 110-20 at 5–14). NHA's briefing in opposition to Ms. Goins's motion for reconsideration, too, is a nearly verbatim rehash of arguments made by NHA in its prior motion for summary judgment. (Compare DE 97 at 14–18 with DE 110 at 15–20).

5    The explanation was as follows:

> Due to personal hardships, including caring for my disabled brother and having to move my late mother's possessions out of her house on an immoveable deadline not of my making, and without adequate help, and moving 2.5 hours away with no office, an unreliable internet connection, and no paralegal, I once again became unable to manage my workload. Further, I failed to estimate correctly the time it would take to complete my papers, and had trouble reaching my client.

(DE 114).

ORDER, plaintiff's counsel shall specify the location on the docket of each referenced exhibit and/ or shall refile them, appropriately sponsored by an affidavit.

(DE 119). Ms. Foster then sought and was granted an extension of time to comply. (DE 121, 122).

Ms. Foster responded to the Court's gesture with what amounted to a back-of-the-hand. Her short letter stated that the unattached exhibits (with a couple of exceptions) "were all included in the plaintiff's opposition papers on the motion for summary judgment or are attachments to defendant's motion for summary judgment." (DE 123). This falls far short of a reasonably specific citation to "*each* referenced exhibit" so that adversary counsel, and the court, may readily locate the record support for each of the plaintiff's factual contentions.

The crises of life happen to us all, and the Court is generally sympathetic when confronted with reasonable requests for extensions of time. This docket, however, sets forth a pattern of chronic, unexcused noncompliance with court rules and orders. I have gone to unusual lengths to rescue counsel and her client from the consequences of those defaults. For now, I will deal with the motion for reconsideration with respect to the CEPA claim as-is.

## II.     Facts in support of CEPA claim

### a. CEPA claim as alleged in the complaint

The complaint alleges that NHA asked Ms. Goins to perform illegal acts in connection with public contracts she was instructed to prepare (Cplt. ¶ 39).[6]

---

[6]     The Complaint additionally asserts that Ms. Goins was "asked to perform illegal acts in connection with . . . . her complaints about failure to pay her overtime." (Cplt. ¶ 39). Ms. Goins's counsel however appears to have abandoned that additional theory of CEPA liability; her briefing in her motion for reconsideration solely concerns her CEPA claim with respect to the purported illegal acts Ms. Goins was asked to undertake in connection with public contracts. (PBr. 3–10). Ms. Goins's motion for reconsideration fails to even mention overtime pay. Therefore, as outlined below, I will reconsider only my dismissal of Ms. Goins's contract-related CEPA claim. For the avoidance of any doubt, Ms. Goins's overtime-related CEPA claim remains dismissed.

Ms. Goins alleges that she objected to and refused to perform any illegal acts and that, as a result, NHA retaliated against her. (*Id.* ¶ 40–41). As an example of retaliation, she alleges that NHA instructed her coworkers to not ask her questions even though she had the knowledge to answer such questions. (*Id.* ¶ 41a).

### b. Supplemental facts

Ms. Goins did not file a counter-statement of undisputed facts with her opposition to NHA's motion for summary judgment. She did, however, file a plaintiff's response to NHA's statement of facts ("PRSOF", DE 89-1).

Ms. Goins's PRSOF contained facts that were not in her briefing; conversely, her briefing raised facts that were not contained in her PRSOF. (DE 89; DE 93-1). To reiterate: Any facts relevant to her opposition should have been placed in a numbered supplemental statement of disputed material facts, with each fact appropriately cited to the underlying record. *See* L. Civ. R. 56.1. I have nevertheless surveyed these submissions to glean such facts as may be material to this reconsideration motion.

### i. Supplemental facts in PRSOF

Two essential facts are asserted in the PRSOF concerning plaintiff's CEPA allegation.

> [1] Cheryl Goins had informed Shari Hamilton and Marvin Walton of the Quadel contract that Nikki Whitney originally prepared a signed contract with an amount that differs from the amount originally approved by the board. Shari Hamilton instructed Cheryl to recreate the contract with the amount that was approved by the Board. This is totally illegal according to the local public contracts law. The law states that prices received in proposals or bids are to be presented and awarded as stated in bids and RFPs [requests for proposals] received. Plaintiff's Response to interrogatory 4, Exhibit O to Defendant's papers.

(DE 89-1 at 6; *see also id.* at 8 ("PIP was in retaliation for her complaints that Shari Hamilton and others fail to follow contract law procedures required by law.")). The cited interrogatory responses, Exhibit O, refer to

"public contract laws" but fail to state what specific law Goins believed (or reported) was violated.

> **[2]** Further, Cheryl had sent Ms Bryant 3 emails complaining that she was being retaliated against for her complaints about the use of expired contracts and other improprieties as well as her belief that she was being set up for termination. Ex. 13, D248, Ex. 9, D732, and Ex. 3, her Sept. 19 email.

*Id.* at 10. The cited "Ex. 3" is a resignation letter which does not mention Ms. Goins's concerns over expired contracts. (DE 89-3 at 41). "Ex. 9" is an email dated June 16, 2014, sent by Ms. Goins to Ms. Bryant. (89-6 at 5–6). This email informs Ms. Bryant that "it is questionable in relation to ethics as well as violation the NJ Public Contracts Law to continue following Shari's instruction to create purchase orders as well as amendment documents while it has initially expired." (*Id.*). "Ex. 13" is a June 30, 2014 email from Ms. Goins to Ms. Bryant and others stating that Ms. Bryant's failure to respond to a June 17, 2014 email was "proof of continued retaliation and harassment for my complaints against my supervisor Shari Hamilton conduct [sic] . . . procedures that contradicts the State of NJ's Local Public Contract Laws." (DE 89-7 at 3). All of these emails, moreover, were sent after Ms. Goins took medical leave from NHA.

### ii. Supplemental facts cited in plaintiff's summary judgment opposition brief

Facts Section: The following factual allegations relating to the CEPA claim appear in the facts section of plaintiff's brief in opposition to NHA's motion for summary judgment.

Ms. Goins asserts that she objected to the way that her department handled contracts and believed that her department violated unspecified "public contracts law." (DE 89 at 23). Ms. Goins cited the following examples: (1) she was asked to use expired contracts; (2) on one occasion, Ms. Goins pointed out to Ms. Hamilton that Survey Monkey lacked a business registration certificate and therefore NHA should not have conducted business with them;

(3) Ms. Hamilton instructed Ms. Goins to send out a private bid to Survey Monkey via email rather than sending out the bid for competitive processes; and (4) on May 5, Ms. Goins relayed to Ms. Hamilton that NHA is supposed to submit a certification to each vendor verifying that the vendor is not doing business with Iran, something she believed NHA was not complying with. (DE 89 at 10–11).

In the facts section of her brief, Ms. Goins makes the following allegations, which are not visibly supported by the record:

**(1)** "Cheryl reminded Shari that it is impermissible to increase a purchase order ("PO") on a dead contract. CG 847" I cannot locate CG 847, whatever that may be, in the record.

**(2)** "Money was not being set aside to pay contracts (encumbrance) as required by law. Ex. 22, CG 64-65." The cited exhibit does not support the assertion that money was not being set aside. It relates to a private bidding process.

**(3)** "[O]n April 15, 2014 Cheryl sent Shari an email remind[ing] her that a portal sent to prospective bidders was not adequate and a newspaper advertisement was needed. Ex. 23." (DE 89 at 10–11). In Ex. 23, an email, Ms. Goins asked for guidance concerning compliance with an unspecified rule requiring that bids be posted in an "official newspaper." The response to the email is not provided. This email does not constitute confirmation that any bid process was inadequate.

**(4)** Ms. Goins also states generally that her concerns about contract practices are evidenced by audio recordings. (DE 89 at 11). These recordings were not in the record. (*Id.*).

Argument Section: The argument section of Ms. Goins's brief refers to a panoply of "adverse" employment actions. (DE 89 at 25–28). Again, most are unsupported by proper citations to the record. For example, Ms. Goins asserts that she was given "burdensome work assignments" and cites to "Ex. 6," a 51-page compilation of largely handwritten notes. I will not wade through these notes to determine what she may be referring to. Ms. Goins also asserted that

NHA refused to pay for her attendance at the Rutgers Public Purchasing Conference and required her to take a vacation day to attend. (DE 89 at 13, 25). My prior opinion discussed the deficiencies with these allegations in detail. (DE 98 at 15).

Because Ms. Goins's reconsideration argument relies heavily on material from her declaration, I here highlight the single reference to the declaration in the CEPA-related argument section:

> She had to get her continuing education, which was required to maintain her public purchasing certification, by paying for it herself and taking vacation, but others in the department had their conferences paid for and did not have to take vacation. **Goins decl.** This happened two years in a row. Cheryl was required to maintain her credentials as a public purchasing specialist by attending these courses[25], but Shari Hamilton would not pay for her to attend or pay her salary while she was attending. But she did this for 2 males who did not complain of illegal activities.

(DE 89 at 25 (**emphasis** added)). The reference to the "Goins decl." is not specific to any particular portion to the declaration and is the only reference to this declaration in this portion of the brief. Footnote 25 is a link to the requirements to get a purchasing certificate from the Rutgers program. It does not support the contention that Ms. Goins was required to have this certificate. (Other portions of the declaration turn out to be relevant, however. *See infra.*)

The following factual contentions concerning alleged adverse actions, however, appear to be supported by record citations. On either June 11 or 12, 2014, Ms. Goins received a Verbal Notice of Disciplinary Action—her first. (DSOF ¶¶ 18, 19; PRSOF ¶ 18). On June 12, 2014, Ms. Goins received a performance improvement plan ("PIP"). (*Id.* ¶ 20). Defendants assert that Ms. Goins received the PIP because of poor work performance. (DSOF ¶ 20). Ms. Goins asserts that she received it in retaliation for her CEPA complaints. (PRSOF ¶ 20).[7]

---

[7]     Ms. Goins also asserts that she was cheated out of overtime pay. As noted in my March 29, 2019 opinion, neither party submitted any significant evidence of Ms. Goins's actual daily work hours. (*See* DE 98 at 12–14).

### III.   Discussion

Local Rule 7.1(i) governs motions for reconsideration. Reconsideration is granted sparingly, generally only in one of three situations: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894 (D.N.J. May 21, 2004). "A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through—rightly or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting *Above the Belt v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

### a.   Analysis

Ms. Goins invokes the third option for reconsideration—i.e., that reconsideration is warranted to correct a clear error of law or to prevent manifest injustice. She asserts that reconsideration of her CEPA claim is warranted because the record contains indications of what specific law had been violated and therefore satisfied element 1 of her CEPA claim. (PBr. at 4). The Court, says Ms. Goins, overlooked two documents where plaintiff identified the particular legal violations that underlay her complaints as a whistleblower: "[1] Defendant's exhibit O to its motion for summary judgment, which comprises plaintiff's interrogatory answers, and [2] plaintiff's declaration ECF 90, submitted as part of her opposition to summary judgment." (*Id.*). Notably, the reconsideration motion does not point to anything in Ms. Goins's PRSOF or

her brief. The contentions now forwarded in support of reconsideration are not to be found there. Having been belatedly directed to Exhibit O and plaintiff's declaration, however, I will review them.

I turn first to the interrogatory responses contained in "Defendant's exhibit O." (*See* excerpt reproduced in PBr. at 6–7.). I find nothing in these interrogatory responses that clearly states what law or laws Ms. Goins believed had been violated. Instead, these interrogatory responses contain no fewer than five vague references to "public contract laws."

I turn next to the Goins Declaration. (DE 90). Here I do find that Ms. Goins has articulated what specific laws she reasonably believed were violated. In particular, she cites "N.J. Local Public Contracts Law and Regulation Reference Manual N.J.S.A. 40A:11-1 et seq." (Goins Decl. ¶¶ 14–26, DE 90 at 6–9). She pinpoints § 40A:11-15, "Duration of Contracts," which states that the terms of contracts may not exceed 24 months. As noted above, Ms. Goins asserts that she was required to work on contracts that had expired. She cites other examples as well. Accordingly, based on this declaration, I find that Ms. Goins has satisfied element 1 of her CEPA claim, that she identify some particular law that she reasonably believed her employer's conduct was violating.

Summary judgment on Ms. Goins's CEPA claim was granted to defendant based upon my finding that her brief cited no particular legal violation in support of element 1. Because she now points to such a citation, I will reinstate Ms. Goins's contract-related CEPA claim.

I will consider the other elements of the CEPA claim in a later opinion. Still pending are two motions for summary judgment. (DE 110, 112). At the proper time, I may also entertain a motion for imposition of sanctions.

## ORDER

For the reasons set forth above,

IT IS this 11th day of December, 2019

ORDERED that plaintiff's motion for reconsideration (DE 100) is

**GRANTED** in part, and her CEPA claim, insofar as it is based on the alleged legal violations and retaliatory actions cited above, is reinstated.

**Kevin McNulty**
**United States District Judge**